[Civ. No. 1968. Fourth Appellate District.—October 19, 1936.]

B. B. MARGOLIS, Appellant, v. SAN DIEGO TRUST AND SAVINGS BANK (a Corporation), Respondent.

Thomas C. McCarty and Frank M. Downer for Appellant.

Frank A. Gazlay and George H. Stone for Respondent.

BARNARD, P. J.—This is an action for damages for breach of a contract. On September 22, 1935, the respondent invited bids on certain street improvement bonds belonging to a trust estate. On October 5, 1935, the appellant, in the form of a letter, made an offer for the bonds. The various bids received were opened on October 7, 1935, and on October 8th the respondent notified the appellant that his bid was accepted. Shortly thereafter the respondent discovered that due to a mathematical error in computing the amount of the bid the appellant was not the high-

est bidder, as another bidder had offered $50 more. The bonds were delivered to the other bidder and the appellant, after tendering $3,528.86, the amount of his bid, brought this action seeking to recover $1273.80, the difference between the amount of his bid and the face value of the bonds plus accrued interest and penalties.

At the trial it was stipulated that the par value of the bonds in question was $4,195.17, that the delinquent interest and penalties amounted to $635.49, and that there was a tax delinquency on the properties covered by the bonds amounting to $5,587.45. The court found that the market value of the bonds at the time delivery was refused was eighty cents on the dollar or $3,356.14, and also found that it was not true that by reason of the refusal to deliver the bonds the appellant had been damaged in the sum of $1273.80, or in any other sum or at all. From a judgment in favor of the respondent this appeal is taken.

█ The appellant contends that in the absence of evidence to the contrary the presumption is that the face value of these bonds is their true value and, as such, must be taken as the measure of damages, and that there is no evidence to support the court's findings to the effect that no damage was suffered. Since evidence was received as to the market value of these bonds the controlling question is whether or not there is any evidence to support the findings referred to.

A number of witnesses testified that there was a market for street bonds of this character in San Diego at the time and it is clear from the testimony that this market was fairly active. One witness, who qualified as an expert, being a dealer in bonds of that type, testified that in his opinion the fair market value of these bonds at the time in question was $3,093. The appellant himself testified that he had purchased similar bonds at about seventy cents on the dollar. Another witness, after testifying that there was an active market for such bonds, testified that a few months after the transaction here involved she purchased nearly half of the bonds in question for eighty cents on the dollar and that she later sold them for less than their face value. It fully appears that the respondent asked for bids on these bonds more than three weeks before October 15, 1935, the date on which it is alleged delivery was refused, that a number of bids were received, and that the highest

bid was only $50 more than the amount of the appellant's bid. The amount for which the bonds were sold is not only some evidence of their value at the time but, under the circumstances, might well be taken as the best evidence of their market value. While the evidence is somewhat meager we think it is sufficient to support the findings.

■ The appellant maintains that there could be no such thing as a market value for these bonds since no two were secured by the same piece of property. No evidence was introduced as to the condition or nature of the various properties on which the bonds were a lien and in so far as appears the properties back of the respective bonds may have been of equal value and the security similar in all respects to that behind other bonds of the same and other issues. Under such circumstances the rules governing sales of corporate stocks and bonds are applicable, in so far as this particular question is concerned, and evidence of the market value was properly received.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 16, 1936.